Case 4:15-cv-02094   Document 57   Filed in TXSD on 03/23/17   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 23, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK ANTHONY FORNESA, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:15-CV-2094 |
| FIFTH THIRD MORTGAGE COMPANY, | § § § | |
| Defendant. | § | |

### MEMORANDUM FINDINGS OF FACT AND CONCLUSIONS OF LAW

**I.**

Before the Court for trial without a jury is the plaintiffs', Mark Anthony Fornesa ("Mark") and Ricardo Fornesa, Jr. ("Ricardo"), suit against the defendant Fifth Third Mortgage, Co and Fifth Third Bank ("Fifth Third") that arises out of a home loan obtained by Mark Anthony Fornesa and his wife Judy Thanh Fornesa ("Judy"). The Court received the testimony and documentary evidence presented by the parties and determines that the plaintiffs' suit is unmeritorious and should be dismissed, thereby permitting the defendant to foreclose the mortgage.

**II.**

The facts supporting the Court's determination in this case show that Mark and Judy obtained a loan from Fifth Third in the amount of $107,350 on or about February 17, 2010, to secure a parcel of property located at 6427 Moreland Lane in Rosenberg, Fort Bend County, Texas ("Rosenberg Property"). Beginning in November 2014, Mark and Judy ceased making payments on their loan and; thereafter, the note went to default. Mark and Judy vacated the

property in December 2013, because it was not habitable.  *See* Memorandum Opinion, Bkcy. Cause 12-37238-H3-13, Findings of Fact].

Ricardo, the father of Mark, and Mark together entered into a document entitled "Equality Sharing Agreement" dated February 28, 2010.  This agreement reflected funds allegedly paid to Mark and Judy in order that they might meet their closing costs or down payment obligations on the Rosenberg property.  The document purported to grant to Ricardo an equitable share or ownership in the Rosenberg Property.  Neither Ricardo, Mark, Judy or Ricardo's wife, Cynthia, informed Fifth Third of the Agreement and the funds allegedly provided by Ricardo at the time of Mark and Judy's purchase of the parcel, or at the time the loan was processed in February 2010, or prior to Fifth Third's foreclosure.  Ricardo testified that he made monthly note payments for Mark and Judy, and that after they moved out of the property, he and his wife, Cynthia, moved in.  However, neither Mark nor Ricardo recorded the Agreement in the real estate records of Fort Bend County, Texas.  Nor did either of the parties otherwise inform Fifth Third of the underlying transaction and the use of the property.

In September of 2012, Ricardo and Cynthia sought Chapter 13 Bankruptcy.  This proceeding was his second filed bankruptcy.  A plan was confirmed on April 25, 2013.  The previous filing occurred in May of 2007.  In his 2012 bankruptcy, Ricardo failed to list Fifth Third as a creditor; therefore, Fifth Third did not receive notice of the Mark/Ricardo Agreement. While Ricardo listed the Agreement as an asset in the personal property section, there was no indication that the asset was secured by the Rosenberg Property.  Subsequent amendments by Ricardo to his bankruptcy schedules also failed to properly disclose the alleged relationship.

On February 28, 2013, the Equity Sharing Agreement expired by its own terms.  In the meantime, Ricardo and Cynthia began occupying the property and made intermittent payments

to Fifth Third in behalf of Mark and Judy. A notice of default and intent to accelerate dated March 15, 2015, was sent to Mark and Judy at their last known address. However, they did not respond and neither did Ricardo and Cynthia. Subsequently, the loan was accelerated by Fifth Third an April 6, 2015, notice. Ricardo forwarded a partial payment to Fifth Third on May 1, 2015. That payment was promptly returned, and Fifth Third foreclosed its lien on May 4, 2015.

### III.

The evidence also shows that Mark and Judy executed a quit claim deed in favor of Ricardo and Cynthia on January 28, 2015, and recorded same in the real estate records of Fort Bend County, Texas. This transaction constitutes a breach of the terms of the promissory note that Mark and Judy executed in 2010. Neither Mark nor Ricardo sought permission or consent for the transfer of Mark and Judy's interest in the property from Fifth Third in advance of the transfer. Therefore, the Court HOLDS that the transfer is voided by Fifth Third's foreclosure on May 4, 2015.

Texas law applies to this action. Neither Mark nor Ricardo has stated a valid common law cause of action for wrongful foreclosure. *See Sauceda v. GMAC* Mortgage, 268 S.W. 3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) Fifth Third's lien against the property is a superior lien and, therefore, extinguishes any inferior claim(s) [cite].

Ricardo also insists that the Emergency Economic Stabilization Act of 2008, is a bar to Fifth Third's foreclosure. Ricardo's reliance is misplaced as Fifth Third is not a designated entity under the Act. *See*  12 U.S.C. § 5201 *et. seq*. (2010). Therefore, this claim fails.

Finally, Ricardo argues that Fifth Third's foreclosure violated the automatic stay that he contends was in force as a result of his 2012 bankruptcy proceeding. The evidence shows that Ricardo did not seek bankruptcy protection as it relates to the Rosenberg Property. *See*  11

U.S.C. § 362(a)(3). He made no reference to the property except as a cash interest appears on his bankruptcy schedules and cannot now point to a benefit that, if disclosed properly, would have changed the course of the bankruptcy case. Such conduct cannot and should not be tolerated. *See In re Clayton*, 235 B.R. 801, 806-07 (Bankr. M.D., N.C. 1998). And, Mark and Judy did not seek § 362 protection. Therefore, there is no claim that can be made under the statute as a violation. As well, Ricardo is estopped from claiming a § 362 violation. *See Love v. Tyson Foods, Inc.,* 677 F.3d 258, 261 5th Cir. (2012).

It is so Ordered.

SIGNED on this 23rd day of March, 2017.

_____
Kenneth M. Hoyt
United States District Judge